GLICKSTEIN, Judge,
dissenting.
This is an appeal from an order which denied a hospital’s motion for attorney’s fees. I would remand for the taking of further testimony, out of an abundance of concern for justice — not only to the claimed insolvent or poverty-stricken individual but also to the hospital.
At post-oral argument conference another panelist raised a point that, unfortunately, no one discussed at oral argument; namely, who has the burden of proof under section 768.56, Florida Statutes (1983), which provides:
768.56 Attorney’s fees in medical malpractice actions.—
(1) Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney’s fees shall not be awarded against a .party who is insolvent or poverty-stricken.
During the oral argument, I expressed my concern to the parties that the individual never told the fact finder — through her deposition or otherwise — the value of the unencumbered home she had acquired after *659 obtaining a cash settlement in litigation. Without that significant information, particularly in light of the point raised at conference, I could not affirm the subject order, notwithstanding the matters about which the individual so freely testified. Her reluctance to discuss or failure to reveal the value of the home contrasts sharply with her willingness to discuss the economic downside of her life. The affirmance, with all due respect to the able trial court, is without an adequate predicate in the record to sustain the majority’s conclusion here, in my view.